The slightest change in a contract is as much prohibited as the greatest. Nov. Term,
*The Bank of the State* v. *The Bank of Cape Fear*, 13 Ired. 75.     1858.

If there are three remedies, one of them cannot be taken away. A mortga-
gor, having the right to sue at law on the bond, to foreclose, and to bring eject-
ment, the act of 1843, although it left standing the two former remedies, could
not take away the latter. 1 Mann. (Mich.) 68.

MILLER
v.
ALLEN.

MILLER, Warden of the State Prison, v. ALLEN.

11   389
Case 2
e168   53

Where a person was sentenced on two several indictments, to imprisonment in
the state prison for two years on each—the term of imprisonment on the
second charge to commence at the expiration of the term on the first:—*Held,*
that as there is no statute in force providing that one term of imprisonment
shall commence at the expiration of another, both terms commenced and
elapsed concurrently; and that at the end of the first two years he might be
discharged on a writ of *habeas corpus.*

APPEAL from an order of the judge of the *Scott* and *Monday,*
*Clark* Court of Common Pleas, made in vacation on a  *December* 20.
writ of *habeas corpus.*

WORDEN, J.—*Allen*, the appellee, sued out a writ of
*habeas corpus*, before the judge of the Court of Common

Nov. Term, 1858.

MILLER
v.
ALLEN.

Pleas of *Clark* and *Scott* counties, against the appellant, who returned that he had the petitioner in custody in the *Indiana* state prison, by virtue of the judgment and sentence of the *Spencer* Circuit Court.

It appears, by the return, that on the 12th of *November*, 1856, the petitioner was sentenced, on two several charges, to two years' imprisonment in the penitentiary, on each. On the second charge (in the order of their standing on the docket) it was ordered that the term of imprisonment commence two years from that time, on the expiration of the former two years. The petitioner, having served the two years, claims the right to be discharged.

The judge below ordered the petitioner to be discharged, and from that order an appeal is taken.

We are of opinion that the order discharging the petitioner was correct.

In the absence of any statutory provision authorizing it to be done, the Courts have no authority to order a term of imprisonment in the penitentiary to commence at a future period of time; and the order to that effect may be regarded as a nullity. The judgment would then stand as an ordinary judgment, to be carried into effect as in other cases.

In the revision of 1843, there was a provision "that when any person is convicted of two or more offenses at the same term of any Court, the imprisonment to which such person shall be sentenced on any second or subsequent conviction, shall commence at the expiration of the preceding term of his or her imprisonment." R. S. 1843, p. 997, § 72. But there is no such provision in the code of 1852.

The case resolves itself into this: The petitioner was sentenced to imprisonment in the state prison for two years, on each of two several indictments. He has been two years in the state prison, and while he has served out the time fixed by the one sentence, he has undergone the full penalty inflicted by the other. There being no statute in force providing that one term of imprisonment shall commence at the expiration of another, we are of opinion that both terms commence and run concurrently.

We have been furnished with no authorities on the question involved, and in the absence of authority to the contrary, it seems to us that the discharge of the petitioner was correct, for the reasons above indicated.

*Per Curiam.*—The order made below is affirmed with costs.

*J. E. M'Donald*, for the appellant.