## WILLIAM KENNEDY V. ANDREW J. HOWARD.

1. *Habeas Corpus—Amenability to Laws—Jurisdiction.*—A prisoner, while confined in prison, serving a sentence, is as much amenable to the criminal laws of the State as if he had been out of prison, and the court of the county in which the prison is situated has jurisdiction of the person of the prisoner and the offense committed by him while thus imprisoned, and he is not entitled to a discharge, by *habeas corpus*, when convicted of such offense.

2. *Term of Imprisonment—Several Terms.*—If a prisoner, serving a life sentence or a sentence for a term of years, commits an offense, he may be tried for it and adjudged to suffer imprisonment for a term extending beyond the term for which he is already sentenced; or for life; or he may be adjudged to suffer death, but where there are several convictions and several terms of imprisonment adjudged, the terms run concurrently.

Filed June 20, 1881.

Appeal from Clark Circuit Court.

Opinion of the court by Mr. Justice Worden.

Appeal from the judgment of the Hon. P. Ferguson, judge of the fourth judicial circuit, in proceedings on *habeas corpus*, in vacation, in the county of Clark.

In November, 1871, the appellant, Kennedy, was convicted in the Shelby Circuit Court of the crime of assault and battery with intent to commit murder, and was adjudged to suffer imprisonment in the State prison for the period of eight years.

He was accordingly imprisoned in the State Prison South; and having served out the term specified, and the appellee, as the warden of the prison, refusing to discharge him, he instituted these proceedings, and asked to be discharged from custody.

The appellee made return to the writ showing the ground on which he retained the appellant in custody in the said prison; and on the hearing of the cause the judge declined to discharge the appellant, but remanded him to the custody of the warden.

It appeared by the return of the appellee and the evidence adduced upon the hearing, that after the commitment of the appellant for the term above mentioned, and before its expiration, the appellant was indicted for murder, in the Clark Circuit Court, perpetrated while he was thus under imprisonment, tried, convicted, and adjudged to suffer therefor imprisonment for life in the State

prison.    Under the last mentioned conviction the appellant was in the custody of the appellee as warden of the prison.    The judgment in the last mentioned case was affirmed in this court.    *Kennedy* v. *The State*, 66 Ind. 370.

It is contended by counsel for the appellant that the Clark Circuit Court had no jurisdiction or power to try him for the offense thus committed in the penitentiary during the term for which he had been formerly sentenced and while he was undergoing the imprisonment.

We do not concur in this view of the question.

While the appellant was thus in prison, he was as much amenable to the criminal laws of the State as if he had been out of prison.    And the court had jurisdiction of the offense, it having been committed within the body of Clark county.    It also had jurisdiction of the person of the defendant.    It cannot, as we think, be rightfully said that while a person is undergoing imprisonment in the penitentiary, the proper court has no right or power to try him for an offense which he may commit while thus imprisoned. The appellant need not have been, and, so far as we can see from the evidence, was not deprived of any of his legal rights in respect to the trial.    He was brought into court for trial, and was subjected to no more inconvenience, so far as appears, than if he had been imprisoned in the jail of Clark county to answer to the charge.

Perhaps no punishment short of death, could be inflicted for an offense committed by a prisoner in the penitentiary, that would be inconsistent with his continued imprisonment for the residue of the term for which he had been sentenced, as imprisonment in the county jail.    But such question is not involved here.

If the theory of the appellant is correct, that a prisoner in the State prison cannot be tried during the term for which he was sentenced, for any offense he may commit during that term, then one sentenced for life may commit murder at his pleasure without liability to punishment therefor by law.    This evidently ought not to be, and, in our opinion, is not the law.

If a person undergoing a life sentence in the penitentiary commits murder, he may, as we think, be tried for it; and, while another life sentence would add nothing to the punishment already adjudged, he might be adjudged to suffer the extreme penalty of death.

So, where a prisoner for a term of years, commits an offense, he may be tried for it and adjudged to suffer imprisonment for a term extendiug beyond the term for which he is already sentenced, or for life; or he may be adjudged to suffer death.

The courts of this State have no authority to adjudge, on several convictions, that one term of imprisonment shall commence to run at the expiration of another. "The term of service and imprisonment of every convict, shall commence from the day of his conviction and sentence." 1 R. S. 1876, p. 646, §6.

The result is that where there are several convictions, and several terms of imprisonment adjudged, the terms run concurrently. *Miller* v. *Allen*, 11 Ind. 389. The term of the appellant's imprisonment for life commenced on the day of his conviction and sentence, and ran concurrently with the term of his previous sentence.

This view is in entire harmony with the case *Ex parte Meyers*, 44 Mo. 1, cited by counsel for the appellant. There Meyers had been sentenced to imprisonment in the penitentiary on two several convictions, for two several terms, the first for two years and the second for three years. It was held that having served out the longest term, the terms having run concurrently, he was entitled to be discharged. Nor do we think the case of *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559, furnishes any authority for the position assumed by counsel for the appellant. There Tweed had been convicted on several accounts of an indictment, charging several misdemeanors, and the court sentenced him to twelve successive terms of imprisonment of one year each, and to pay twelve fines of $250 each, the year's imprisonment and the fine of $250 being the maximum punishment inflicted by the statute under which he was indicted. It was held that a judgment on one count exhausted the power of the court; and that the prisoner, having suffered one year's imprisonment and paid one fine, was entitled to be discharged.

We are of opinion that the decision of the judge below was right.

The judgment below is affirmed with costs.

Test & Coburn, for appellant.