## PEED, SHERIFF, v. BREWSTER.

[No. 20,781. Filed January 30, 1907.]

CRIMINAL LAW.—*Judgment.—Sentences.—Concurrent Operation of.—Habeas Corpus.—Habeas corpus* lies to release a pauper prisoner who has served thirty-two days in jail, where he entered pleas of guilty on the same day to seven indictments and was fined $25 and the costs, aggregating $32 in each case, there being no provision in any of such judgments to postpone the taking effect thereof.

From Pike Circuit Court; *E. A. Ely,* Judge.

*Habeas corpus* by Bill Brewster against Orion Peed, as sheriff of Pike county. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Bomar Traylor* and *Stanley M. Krieg,* for appellant.

*J. W. Wilson,* for appellee.

MONTGOMERY, C. J.—Appellee was arraigned in the Pike Circuit Court on February 10, 1905, upon seven separate and distinct indictments charging him with unlawful sales of intoxicating liquor, and to each indictment he entered a plea of guilty, and it was thereupon adjudged by said court in each of said cases, that he make his fine to the State in the sum of $25 and pay the costs amounting to $7, and that he stand committed to the jail of the county until such

fine and costs be paid or replevied. Failing to pay or re-
plevy any part of such fines and costs, appellee was imme-
diately taken into custody by the sheriff by virtue of said
judgments, and confined in the county jail for thirty-two
full days, after which he sued out a writ of *habeas corpus*
to obtain his liberty. The petition averred the facts herein
set out in substance, and that the appellee had no property
and was unable to pay such fines and costs; the writ was
issued, and in response thereto appellant appeared and
moved to quash the same. This motion was overruled by
the court, and, appellant electing to stand upon said motion
and declining to plead further, judgment was rendered re-
leasing appellee from custody.

The overruling of appellant's motion to quash the writ
is the only alleged error assigned. The statute, in pursu-
ance of which appellee was committed to jail, reads as fol-
lows: "When the defendant is adjudged to pay any fine
and costs, the court shall order him to be committed to the
jail of the county until the same are paid or replevied.
Such judgment shall be without relief from valuation or
appraisement laws." §1926 Burns 1901, §1857 R. S.
1881. The statute by virtue of which appellee sought his
liberty is as follows: "Any person imprisoned for failure
to pay or replevy any fine or costs may be ordered to be dis-
charged by the court, or by the judge of any court, after
being imprisoned one day for every $1 of the fine and costs,
if it appear by satisfactory proof that such person is unable
to pay or replevy the same, but the execution may issue
against the property of the defendant, as in other judg-
ments." §1931 Burns 1901, §1862 R. S. 1881. Section
1932 Burns 1901, §1863 R. S. 1881, provides: "Whenever
a person is adjudged guilty of a misdemeanor or felony, and
his punishment is by fine, or by fine and imprisonment, the
judgment shall be that he stand committed until said fine is
paid or replevied." It is further declared by statute that
"the term of service and imprisonment of every convict

shall commence from the day of his conviction and sentence." §8214 Burns 1901, §6134 R. S. 1881.

It does not appear from this record that any attempt was made by the court to postpone the taking effect or execution of any of these judgments, and we must assume, as the fact is alleged to be, that they were entered and went into effect concurrently, and not successively. In the case of *Miller* v. *Allen* (1858), 11 Ind. 389, involving a conviction, on the same day, for two distinct felonies, it was affirmed by this court that, in the absence of a statute providing that one term of imprisonment should commence at the expiration of another, the trial court could make no such order, and both terms commenced and ran concurrently. This holding was reaffirmed in the case of *Kennedy* v. *Howard* (1881), 74 Ind. 87. The doctrine declared in the case of *Miller* v. *Allen supra*, has been condemned as a mistake by an eminent author on criminal law. 1 Bishop, Crim. Law (8th ed.), §953, note. The question there involved is not now before us, for the reason that, so far as shown, no order was made looking toward a ·cumulative penalty, by directing commitment upon successive dates in the future. The court entered seven distinct judgments, all of the same date, form, substance and amount; and under the law and the terms of each judgment appellee stood committed forthwith to the jail of the county. Appellee having been committed upon each of these judgments, the writs of commitment must be dealt with severally, and not collectively, and his incarceration for thirty-two full days would authorize the jailer to enter a credit therefor in each case, and justify the court in ordering his discharge, upon proof of his inability to pay or replevy such judgments.

No error is made to appear in the record, and the judgment is accordingly affirmed.