## STARKS v. STATE OF INDIANA.

[No. 25,037.   Filed April 2, 1926.]

1. **BURGLARY.**—*Evidence held to sustain inference that defendant was guilty of the burglary charged.*—Evidence held to sustain the inference drawn by the trial court that defendant was guilty of the burglary charged.   p. 470.

2. **CRIMINAL LAW.**—*Inference to be drawn from conflicting evidence or from evidence that would support either of two diverse inferences is exclusively for jury and trial judge.*—The inference to be drawn from conflicting evidence or from evidence that would support either of two diverse inferences is exclusively for the jury and the trial judge.   p. 470.

From Marion Criminal Court (58,509) ; *Frank A. Symmes,* Special Judge.

Monroe Starks was convicted of burglary, and he appeals.   *Affirmed.*

*Clyde P. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was charged by affidavit with having feloniously entered the house of Lowell H. Wilson in the nighttime with intent feloniously to steal his goods, and also with having feloniously stolen and carried away certain personal goods of Lowell H. Wilson, among which were four silk pillows, one sterling set, and a quantity of linen.   He was found guilty on both counts.   He filed a motion for a new trial for the alleged reasons that the decision is not sustained by sufficient evidence and that it is contrary to law, and overruling that motion is the only error assigned.   There was evidence that defendant was the janitor of a group of six apartments and occupied a room and bath room in the rear of one of them; that in his rooms the police found oriental rugs, spoons and other silverware, draperies, silk pillows, fine linens, and other articles worth "many thousands of dollars," including all the

articles mentioned in the affidavit; defendant testified that he had furnished the rooms himself in the last four years, and that the furnishings "would run about $1,600," and also that he worked as janitor and at cooking and catering, and that for the last two years he had been sending to his mother and sister in Memphis, Tennessee, fifteen dollars to twenty dollars each week; and in answer to the question "How much do you make a week?" he answered "Twenty-six dollars altogether, and my room and board," though he afterward said that he made extra money in the evenings by assisting at parties; that in his rooms were found four silk pillows which belonged to Lowell H. Wilson and had been stolen from his home, and defendant said that he made the pillows, and then said he made all of them but two; also a sterling silver toilet set was found there that had been taken from the Wilson home which belonged to Mrs. Wilson, and had belonged to her for ten years, that had no monogram on it when it was taken from the Wilson home, but was marked with the monogram "S" when found in defendant's rooms, and there was evidence that defendant said he bought the silverware "at Charlie Mayer's" in Indianapolis; also that much linen marked with the monogram "M" which had been stolen from the home of a neighbor named Marks was found in defendant's room, and he said he bought it of L. S. Ayres and Company, and paid twenty-five cents extra to have the letter "M" embroidered on each piece; that a number of other articles stolen from the homes of Lowell H. Wilson and other persons living near by were also found there, of which defendant said he bought them from the laundryman who drove a wagon for the Best-Grand Laundry, and delivered laundry work in that neighborhood and to him, but when the man who had been driving the wagon for that laundry in that neighborhood for a year past, and who had been re-

ceiving articles for the laundry from defendant and delivering laundry bundles to him for that length of time was produced, defendant said he was not the man; and there was much other evidence of a like character tending to show that he was found in possession of a large amount of property that had been stolen by burglars from different homes near where he lived, and that he gave a false explanation of how it came into his possession. There was also evidence that on December 4, 1924, less than four months before this property was found in defendant's possession, a window in the home of Lowell H. Wilson, half a square from where defendant lived, was opened while the family was away, between the hours of six and ten in the evening, and "the house was completely rifled," and clothing, spoons, silverware, silk pillows, linens, and other articles of a total value of about $2,200 were stolen, including the articles named in the indictment, and that all of the articles therein named, together with many articles stolen by burglars who entered other houses in that neighborhood were found in defendant's rooms.

This evidence sufficiently supports the inference which the trial court drew from it that defendant burglarized the home of Lowell H. Wilson, and stole the pillows, silver toilet set, and other articles from it, as charged in the affidavit. There was also evidence which, if believed by the trial court, might have supported an inference to the contrary, but the question what inference shall be drawn from conflicting evidence, or from evidence that would support either of two diverse inferences, is exclusively for the jury and the trial judge.

The judgment is affirmed.