LAWSON *v.* STATE OF INDIANA.*

[No. 25,097.   Filed July 21, 1931.]

*See Note VII Ind. Law Jour. 322.

*Walterhouse & Miller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *George J. Muller*, Deputy Attorney-General, for the State.

MARTIN, C. J.—This was a prosecution under §§4 and 6, ch. 48, Acts 1925, §§2717, 2719 Burns 1926, by an affidavit in two counts, the first count charging that the appellant and his wife (as to whom the action was later dismissed) did "unlawfully have in their possession intoxicating liquor," and the second count charging that, .at the same time and place, they did "unlawfully and feloniously have in their possession, under their control and their use, a still and distilling apparatus for the unlawful manufacture of intoxicating liquor." Appel-

lant, who was convicted on each count and, on the first count was fined $100 and sentenced to 30 days imprisonment in the Delaware County jail, and, on the second count, was fined $100 and sentenced to imprisonment for not less than one year nor more than five years in the Indiana State Prison, contends that "the same acts of the defendant constitute the offense charged in the two separate counts of the affidavit" and that only the first sentence imposed can be enforced.

The contention that the unlawful possession of intoxicating liquor and the felonious possession of a still for use in the unlawful manufacture of intoxicating liquor are the "same acts" and constitute the "same offense" is without merit. The offenses charged by the two counts are separate and distinct. In *Albrecht* v. *United States* (1926), 273 U. S. 1, 47 Sup. Ct. 250, 71 L. Ed. 505, where a defendant, by separate counts of the same information, was charged with the offense of possessing and selling intoxicating liquor, it was said: "The fact that the person sells the liquor which he possesses does not render the possession and the sale necessarily a single offense." Likewise here, the fact that one possesses intoxicating liquor which he manufactured with a still which he possesses unlawfully does not render the possession of the liquor and the possession of the still necessarily a single offense.

A conviction on two such charges does not result in double punishment because the offenses are separate and distinct. *Thompson* v. *State* (1929), 89 Ind. App. 555, 167 N. E. 345 (where the offenses were unlawful possession of liquor and maintaining a liquor nuisance). Where, as here, one of such offenses is a misdemeanor and the other a felony, there is no merger of the misdemeanor into the felony, and upon trial, the defendant has not been twice placed in jeopardy for the same offense *Pivak* v. *State* (1931), *ante* 416,

175 N. E. 278. In the case last cited, the appellant, who was prosecuted by separate affidavits which were tried together, was found guilty of possessing intoxicating liquor and also of feloniously transporting the same intoxicating liquor in an automobile, which were held to be separate and distinct offenses, although they may have occurred at the same time.

Distinct offenses of a different character, or inconsistent offenses, cannot be joined in separate counts of the same affidavit, but different crimes of the same character growing out of the same transaction, may be so charged. *Campbell* v. *State* (1925), 197 Ind. 112, 149 N. E. 903; *Rokvic* v. *State* (1924), 194 Ind. 450, 143 N. E. 357; *Glover* v. *State* (1887), 109 Ind. 391, 10 N. E. 282; 31 C. J. 783, §350; see *Merrick* v. *State* (1878), 63 Ind. 327; *Weinzorpflin* v. *State* (1844), 7 Blackf. (Ind.) 186.

In some jurisdictions it has been held that a felony cannot be joined with a misdemeanor. 31 C. J. 786, §353. These cases assign as reasons for the rule that a conviction for a misdemeanor cannot be had on an indictment for a felony and that a person indicted for a misdemeanor is entitled to certain advantages and privileges not accorded to a person indicted for a felony. *Hunter* v. *Commonwealth* (1875), 79 Pa. St. 503, 21 Am. Rep. 83; *State* v. *Fitzsimon* (1893), 18 R. I. 236, 27 Atl. 446, 49 Am. St. 766. But, in jurisdictions where the reasons for the rule no longer exist, as where there can be a conviction of a misdemeanor upon an indictment for a felony, the rule has disappeared, and there may be a joinder of a felony and a misdemeanor where they are cognate offenses, *State* v. *Cryer* (1859), 20 Ark. 64; *Herman* v. *People* (1889), 131 Ill. 594, 22 N. E. 741, 9 L. R. A. 182; *State* v. *Fitzsimon, supra*; where the charges relate to the same transaction, *Phillips* v. *United States* (1920), 264 Fed. 657; *United*

States v. *Ridgway* (1912), 199 Fed. 286, 289; *State* v. *Cazeau* (1853), 8 La. Ann. 109; *Commonwealth* v. *Costello* (1876), 120 Mass. 358; *People* v. *Trainor* (1901), 57 App. Div. 422, 68 N. Y. Supp. 263, 15 N. Y. Cr. R. 333; *Henwood* v. *Commonwealth* (1866), 52 Pa. St. 424; *State* v. *Nelson* (1867), 14 Richardson L. (So. Car. L.) 169, 94 Am. Dec. 130; *State* v. *Stewart* (1887), 59 Vt. 273, 9 Atl. 559, 59 Am. Rep. 710; but not where the offenses are repugnant in their nature and the trial and judgment so incongruous as to tend to deprive the defendant of some legal advantage. 31 C. J. 786, §353.

Although the weight of authority is that courts have power derived from the common law to impose cumulative sentences on conviction of several offenses charged in separate indictments, or in separate counts of the same indictment, the imprisonment under one to commence at the termination of that under the other,[1] 8 R. C. L. 240; note 7 L. R. A. (N. S.) 125; it has long been settled to the contrary in this state,[2] *Miller* v. *Allen* (1858), 11 Ind. 389; *Kennedy* v. *Howard* (1881), 74 Ind. 87; *Peed* v. *Brewster* (1906), 168 Ind. 51, 79 N. E. 1039, and the effect of a conviction of separate

[1]In 8 R. C. L. 240, quoting from *Henderson* v. *James* (1895), 52 Ohio St. 242, 39 N. E. 805, 27 L. R. A. 290, it is said: "Cumulative sentences should be upheld on principle. The severe punishments which induced judges to invent technicalities to aid the acquittal of those on trial of criminal charges, no longer exist, and under our just and humane statutes those who violate the law should be duly punished for each offense."

[2]In Kentucky, Michigan, Missouri and Texas, as well as in Indiana, it has been held that the courts have no authority to adjudge consecutive sentences. See note 7 L. R. A. (N. S.) 124. But in each of these states, except Indiana, statutes have subsequently been passed giving the courts this authority. Indiana had such a statute, R. S. 1843 p. 997, §72, but, as the court pointed out in *Miller* v. *Allen, supra,* there was no such provision in effect at the time of that prosecution. Such statutes have also been adopted in Iowa, Kansas and New York, but the New York statute has been held not to apply where separate offenses of the same character are charged in separate counts of the same indictment. *People, ex rel.,* v. *Liscomb* (1875), 60 N. Y. 559, 19 Am. Rep. 211. The federal courts have held that they have power to impose consecutive sentences upon conviction of separate offenses

offenses and judgments for imprisonment rendered on the same date, is that the time of imprisonment on each judgment will run at the same time, *Peed* v. *Brewster*, *supra*, the judgment, in effect, being on the count giving the longest sentence.[3]

There is no claim by the appellant that the court by its judgment expressly provided that the sentence should not run concurrently or should run consecutively, and, even in the states where cumulative sentences are allowed, sentences will run concurrently unless the latter sentence specifically states that it is to commence on the expiration of the other. Note, 7 L. R. A. (N. S.) 126; 8 R. C. L. 242.[4] It follows from the foregoing discussion that, when valid judgments of varying terms of imprisonment are rendered, they may be carried out by the execution of the judgment which is for the longest term of imprisonment, and all of such judgments of imprisonment will be served concurrently.

The appellant contends that the search made of his premises was invalid for the reason that the sheriff did not post a copy of the search warrant on the premises. This contention is upon the theory that "no one was found in possession" and that posting in such a case was required by §6, ch. 16, Acts 1907; §8342 Burns 1914. The evidence discloses that

---

included in one indictment. *Blitz* v. *United States* (1894), 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725.

[3]It will be noted that the result reached here which allows a conviction upon two counts of an indictment charging different crimes, which are of the same character and which grow out of the same transaction, but which prevents the two sentences from running consecutively, is practically the same as that reached in those jurisdictions which in such cases allow but one penalty to be imposed or which consider that the effect of sentences on each count to run concurrently is to constitute but one sentence, 16 C. J. 1280.

[4]In so far as concerns those convicted of crimes punishable by imprisonment in the Indiana State Prison, there is the statutory provision that "the term of service and imprisonment of every convict shall commence from the date of his conviction and sentence." §12355 Burns 1926.

the sheriff read the search warrant in a loud voice at the front door of the house and then followed an odor of intoxicating liquor through an outside entrance to the cellar and there found two whisky stills, one of 30-gallon and one of 50-gallon capacity, the former in operation, 100 gallons of mash, 300 pounds of sugar, one stove and heating appliances, yeast, charcoal and three gallons of newly made white whisky in a jar. Nobody was in the house when the search was made, but it is clear that appellant was in possession of the house and all it contained and was actually operating the still and fled to his cornfield when the officers approached. He was arrested the same evening. Under these facts, the statute cited by appellant, if in effect, would not require a posting but the statute is no longer in effect, having been repealed. See ch. 4, Acts 1917; ch. 33, Acts 1923; ch. 48, Acts 1925.

In this case, as in *Lindley* v. *State* (1926), 198 Ind. 360, 153 N. E. 772, 155 N. E. 921, the court, after a proper and timely request by appellant that it instruct the jury in writing, gave 11 oral instructions that fill 12 pages of appellant's brief, and, because of this error, the judgment must be reversed.

The judgment is reversed, with directions to sustain applicant's motion for a new trial.