STATE EX REL. NEEL *v.* CRIMINAL COURT OF MARION COUNTY, DIVISION NO. 2, ET AL.

[No. 28,339. Filed October 9, 1947.]

*Stoops & Stoops,* of Indianapolis, for relator.

O'MALLEY, C. J.—The relator was born February 10, 1929, and was arrested on or subsequent to June 5, 1947, on charges of burglary and grand larceny. The crime was charged as having been committed on May 26, 1947.

After his arrest the relator was released on bail and shortly thereafter, on June 12, 1947, he filed a petition with the Criminal Court requesting that he be transferred to the Juvenile Court for such action as might be deemed necessary. The Court heard argument on the petition and at its conclusion denied the request. Thereupon this original action was filed wherein a writ of mandate and prohibition was sought against the Criminal Court of Marion County, Division Number

Two (2). The prayer in substance sought the transfer of relator to the jurisdiction of the Juvenile Court, and that the Criminal Court be prohibited from exercising further jurisdiction in the matter.

At the time of the filing of this action on July 18, 1947, this court did not issue an alternative writ as requested, but withheld action until the matter could be finally determined.

The theory of the relator is that he is within the purview of ch. 356 of the Acts of 1945, p. 1724, § 9-3201 *et seq.,* Burns' 1942 Replacement (Supp.). It is asserted that under the above act any minor who commits a crime, which if committed by an adult would not be punishable by death or life imprisonment, and who has not reached the nineteenth anniversary of his or her birth, is subject to the jurisdiction of the juvenile court and to no other court, unless as provided in the act, the juvenile court waives jurisdiction.

Chapter 356 of the Acts of 1945, § 8, p. 1727, § 9-3208, Burns' 1942 Replacement (Supp.), sets forth the age limit of juvenile delinquents who may be investigated and punished for wrongdoing. According to the literal terms of this section, the investigation is limited to children under 18 years of age. The directions are that the proceeding shall be entitled "In the matter of ————, a child under eighteen (18) years of age." The broadest meaning that could be given to this section might allow the court to handle matters involving minors over 18 at the time of the inquiry, but who were under 18 at the time of the commission of the act, which, under the terms of § 4 thereof, caused such person to become a "delinquent child." However, this cause does not make it necessary for us to determine the limits set by the statute on the matter of the inquiry, and on that question we refrain from any determination.

We believe that ch. 356 of the Acts of 1945, § 13, p. 1730, § 9-3213, Burns' 1942 Replacement (Supp.), is decisive of the matter involved.

The governing section of the act (§ 13, *supra*) makes it the duty of the court to transfer a pending criminal cause only when it is shown that the child involved was under the age of 18 at the time of the commission of the act of delinquency. Here it is admitted in the petition that the relator had passed his eighteenth birthday at the time of the commission of the crime charged against him.

It seems to us that relator is not within the purview of the statute, and that no duty to transfer his cause to the Juvenile Court has been imposed by law upon the respondent Court. From the foregoing it can be readily seen that the Criminal Court did not exceed its lawful jurisdiction.

While the relator has cited numerous cases from outside jurisdictions on matters of age, we do not feel that they are in point on the question involved, and do not deem it necessary to comment thereon.

The requested writ is therefore denied.

NOTE.—Reported in 74 N. E. (2d) 918.