TOWN OF WALKERTON ET AL. *v.* FIWEK,
TREASURER, ETC. ET AL.

[No. 19,607. Filed April 1, 1963.]

*James D. McKesson*, of Walkerton, for appellants.

*Parker & Parker, Bruce C. Hammerschmidt* and *Hammerschmidt & Bonewitz*, all of South Bend, for appellees.

CARSON, J.—This cause having been set for argument at 10:30 A.M. (EST), March 12, 1963; the court having convened and counsel for the appellants failing to appear and give the court the benefit of argument which they had requested,

the court considered the matter solely upon the record and briefs heretofore filed.

It appears from the record herein that this is an appeal from an action for declaratory judgment attacking a supplementary assessment roll which created a lien upon real estate as a result of additional work performed upon a drainage ditch. The complaint shows that the "Supplemental Report of Appraisers" was filed in the office of the recorder of St. Joseph County, Indiana, on the 29th day of July, 1958. No action was taken by way of an appeal from the filing of this report under the provisions of §27-920, Burns' 1960 Replacement, which section contemplates an appeal to the circuit court of the county.

It appears that the complaint for declaratory judgment was filed on the 26th day of June, 1959, to which complaint the defendants demurred on the grounds that the plaintiffs' complaint did not state facts sufficient to constitute a cause of action against the defendants, jointly or severally. The trial court sustained the demurrer, and the plaintiffs failing and refusing to amend their complaint, rendered judgment on the demurrer.

The law is well settled in this state that a complaint for declaratory judgment cannot be used as a substitute for an appeal or to furnish an additional remedy where an adequate one already exists. *Bryarly et al.* v. *State et al.* (1953), 232 Ind. 47, 111 N. E. 2d 277; *Pitzer et al.* v. *City of East Chicago et al.* (1943), 222 Ind. 93, 51 N. E. 2d 479; *Rainwater* v. *Merriman et al.* (1957), 127 Ind. App. 520, 142 N. E. 2d 467.

In *Rainwater* v. *Merriman et al., supra,* this court in applying the above rule cited *Hinkle* v. *Howard* (1947), 225 Ind. 176, 73 N. E. 2d 674, and said:

"Relief under this statute (Declaratory Judgment Act) cannot be had where another established remedy is available. It is not intended to abolish the well known causes of action, nor does it afford an additional remedy where an adequate one existed before."

The court further stated in quoting from *Bryarly et al.* v. *State et al., supra*;

"The declaratory judgment action may not be used as a substitute for appeal."

We are of the opinion that the ruling of the trial court in sustaining the demurrer was proper under the above cited law, and that the judgment of the trial court should be and is affirmed.

Judgment affirmed.

Cooper, C. J., and Clements and Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 110.