INDIANA REAL ESTATE COMMISSION *v.* BLUE.

[No. 19,643. Filed May 10, 1963. Rehearing denied June 18, 1963. Transfer denied September 18, 1963.]

*Edwin K. Steers*, Attorney General and *Francis M. Hughes*, Deputy Attorney General, for appellant.

*Vernon, Hartzog, Barker & Hepler*, of Goshen, for appellee.

PFAFF, J.—This was an action instituted by appellee, Charles L. Blue, against appellant, Indiana Real Estate Commission, for a declaratory judgment to determine whether said appellee is entitled to a real estate broker's license under the Real Estate License Law of the State of Indiana, §63-2401, Burns' 1951 Replacement, *et seq.*

The Trial Court found for the defendant (appellant) upon the original complaint and thereafter the plaintiff (appellee) filed his petition to set aside the judgment and for a decision on the substantive merits. As a part of said petition, the appellee filed the written consent of the appellant that the controversy should be decided on the substantive merits without regard to whether the appellee properly and in due time pursued the remedies available to him under the provisions of

the Administrative Adjudication and Review Act, §63-3001, Burns' 1951 Replacement, *et seq.*

Thereupon the appellee filed his amended complaint and the appellant filed its answer. The issues were decided in favor of the appellee upon his amended complaint and against the appellant. The Trial Court overruled the appellant's motion for a new trial, and this appeal followed.

This Court can see no advantage in a lengthy opinion in this case in light of the fact that in a very recent opinion, *Town of Walkerton* v. *Fiwek* (1963), 134 Ind. App. 416, 189 N. E. 2d 110, 1 Ind. Dec. 212, this Court clearly re-affirmed the proposition that a complaint for a declaratory judgment cannot be used as a substitute for an appeal or to furnish an additional remedy where an adequate one already exists.

Further it is a well settled legal principle that parties cannot confer jurisdiction of the subject matter on a court where such jurisdiction does not exist.

Judgment reversed.

Cooper, C. J., Mote, P. J., Carson, Clements, Hunter, Kelley, Ryan, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 32.