BAROMICH *v.* STATE OF INDIANA.

[No. 169-S-22. Filed July 3, 1969. Rehearing denied September 23, 1969.]

*Max Cohen,* Gary, for petitioner.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for respondent.

ON PETITION OF CERTIORARI

DEBRULER, C. J.—This is a Petition for Certiorari under Rule 2-40A seeking review of a denial of a Motion to Correct Judgment filed in the trial court under Rule 2-40B. On November 9, 1967, petitioner was charged in two separate indictments with the crime of theft in violation of the Offenses Against Property Act, Acts 1963 (Spec. Sess.), ch. 10, § 3, the same being Burns' Ind. Stat. Ann. § 10-3030(a). On September 23, 1968, the petitioner in each of these causes entered a plea of guilty to a lesser included offense of theft of less than $100.00, a violation of Burns' Ind. Stat. Ann. § 10-3039(1). The State of Indiana in each case accepted the pleas to the lesser offenses and waived prosecution on the charges in each of the indictments. On October 14, 1968,

the court imposed sentence in each of the causes. The petitioner in Cause No. 39470 was sentenced to a term of imprisonment at the Indiana State Farm for a period of not less than one year. In Cause No. 39471 the court again sentenced the petitioner to one year at the Indiana State Farm and then ordered the prison sentence to run consecutively after the sentence imposed in Cause No. 39470. The exact language of the commitment in Cause No. 39471 read as follows:

> "It is therefore considered, adjudged and decreed by the Court that the defendant Milton N. Baromich, for the offense by him committed to-wit: Theft of less than $100.00 be, and he is hereby imprisoned in the Indiana State Farm for a period of not less than one year from this date; that he be disfranchised for a period of one year from this date and pay the costs of this prosecution. It is further ordered by the Court that the prison sentence herein shall run consecutively after sentence imposed in Cause No. 39470."

On November 18, 1968, petitioner, without objection from the State, filed his motion to correct judgment in No. 39471 requesting the sentence be made to run concurrently instead of consecutively. This motion was denied on January 21, 1969, by the Lake County Criminal Court.

At the outset the State argues that this error has been waived on appeal because the petitioner did not object when the sentence was imposed on October 14, 1968, but waited until November 18, 1968, to file his motion to correct judgment under Rule 2-40B.

Rule 2-40B, Supreme Court Rules, reads:

> "Correction of Sentence. Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause *may at any time* petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice

(by serving a copy of the petition in person or by mail) upon the prosecuting attorney of the circuit and the attorney general of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in Rule 2-40 and 2-40A of this Court." (Emphasis added.)

There is no time limit stated in this Rule, on the contrary, the Rule states that the motion may be made *at any time.* In *Sutton v. State* (1966), 248 Ind. 1, 221 N. E. 2d 430, the Court stated:

"It is first argued that the court had no power after more than nine years, to vacate or set aside the judgment and sentence, since the term of court at which the court had such authority had long ago expired. *Clouser et al. v. Mock,* (1959), 239 Ind. 143, 155 N. E. 2d 745.

"However, it is our opinion that the case cited is not applicable since here, by appellants' own petition, they invoked the court's jurisdiction under the provisions of the Indiana Supreme Court Rule 2-40B by asking the court to reconsider the sentence and make corrections therein. This application gave the court the right, in our opinion, upon appellants' application, to make what the court considered a correct modification or change in the sentence and judgment under Indiana Supreme Court Rule 2-40B."

See also *Dowd v. Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4.

We believe petitioner followed the proper procedure in raising this issue and we proceed to the merits.

Petitioner argues that the trial court had no authority to order the sentence imposed in No. 39471 to commence at the conclusion of the sentence imposed in Cause No. 39470.

At one time Indiana did have a provision for consecutive sentences. R.S. 1843, § 72, p. 997, stated in part:

"that when any person is convicted of two or more offences at the same term of any Court, the imprisonment to which

such person shall be sentenced on any second or subsequent conviction, shall commence at the expiration of the preceding term of his or her imprisonment."

This statute was dropped in the codification of 1852 and there has never been such a provision since then. In *Miller v. Allen* (1858), 11 Ind. 389, this Court said:

"In the absence of any statutory provision authorizing it to be done, the Courts have no authority to order a term of imprisonment in the penitentiary to commence at a future period of time. . . .

.  .  .  .  .

"There being no statute in force providing that one term of imprisonment shall commence at the expiration of another, we are of opinion that both terms commence and run concurrently. We have been furnished with no authorities on the question involved, and in the absence of authority to the contrary, it seems to us that the discharge of the petitioner was correct, for the reasons above indicated."

After the defendant in *Miller* was sentenced in 1857, the Legislature passed Acts 1857, ch. 56, § 6, the same now being Burns' Ind. Stat. Ann. § 13-210, which says in part:

"The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence."

This Court in interpreting that statute in *Kennedy v. Howard* (1881), 74 Ind. 87, said:

"The courts of this State have no authority to adjudge, on several convictions, that one term of imprisonment shall commence to run at the expiration of another. 'The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence.' 1 R.S. 1876, p. 646, sec. 6. The result is that where there are several convictions and several terms of imprisonment adjudged, the terms run concurrently."

In *Lawson v. State* (1931), 202 Ind. 583, 177 N. E. 266, this Court stated:

"Although the weight of authority is that courts have power derived from the common law to impose cumulative sentences on conviction of several offenses charged in separate indictments, or in separate counts of the same indictment, the imprisonment under one to commence at the termination of that under the other, 8 R.C.L. 240; note 7 L.R.A. (N.S.) 125, it has long been settled to the contrary in this state, *Miller v. Allen* (1858), 11 Ind. 389; *Kennedy v. Howard* (1881), 74 Ind. 87; *Peed v. Brewster* (1906), 168 Ind. 51, 79 N. E. 1039, and the effect of a conviction of separate offenses and judgments for imprisonment rendered on the same date, is that the time of imprisonment on each judgment will run at the same time, *Peed v. Brewster, supra,* the judgment, in effect, being on the count giving the longest sentence." 202 Ind. at 587.

The rule in this State then is that the court does not have authority to impose sentences which are to run consecutively unless there is a specific statute which authorizes such a thing. The Legislature has enacted several statutes which allow consecutive sentencing in specific situations. For example, Burns' § 10-1807 (where the defendant commits a crime while escaped from prison); § 10-1809 (where defendant commits a crime while escaped from jail); § 10-4709 (committing a crime while armed); § 9-2250 (committing a crime while on parole). In the absence of such a specific statutory provision consecutive sentencing is not permitted.

The respondent argues that Burns' § 13-210, *supra,* applies only to sentences to a state prison not to sentences to the State Farm. We find no merit whatsoever in this contention. The statute reads:

"The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence."

There is no distinction made in the statute between sentences to the State Prison and the State Farm. The statute applies to sentences of "every convict". Black's Law Dictionary defines a "convict" as being:

"One who has been finally condemned by a court. One who has been adjudged guilty of a crime or misdemeanor. Usually spoken of *condemned felons* or the prisoners in penitentiaries." (Emphasis added.)

Petitioner was convicted under Burns § 10-3039, which is a felony. *Hunter v. State* (1965), 246 Ind. 494, 207 N. E. 2d 207. We think, therefore, Burns' § 13-210, *supra,* does apply to the petitioner.

In neither *Kennedy v. Howard, supra,* nor *Lawson v. State, supra,* was any distinction made between sentences to be served at the State Prison and sentences to be served at the State Farm.

In support of this decision is this opinion of the Attorney General:

"In my opinion, there is no statute in this state providing for commitments to the Indiana State Farm that can be served consecutively. . . ." 1949 O.A.G. 105, No. 23.

We see no distinction to be drawn with reference to consecutive sentences based on the place of incarceration.

We hold that the trial court was without jurisdiction to impose consecutive sentences in this case and the judge of the Lake County Criminal Court is hereby ordered to modify the judgment and sentence in Cause No. 39471 to show that said sentence shall run concurrently with the sentence imposed in Cause No. 39470.

Arterburn, Givan, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 249 N. E. 2d 30.