FRED C. STUCK v. STATE OF INDIANA.

[No. 971S253. Filed September 6, 1972.
Rehearing denied December 14, 1972.]

292

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant filed pro se a pleading in the LaPorte Circuit Court which he denominated "A motion for Relief in Writ of Habeas Corpus in Forma Pauperis," in which he alleged a violation of his constitutional rights growing out of the following facts:

Sometime prior to January, 1969, the petitioner had been tried and convicted on a charge of second degree burglary in Marion County, but had not yet been sentenced following his conviction. In January, 1969, the petitioner was arrested in Boone County, Indiana, for the murder of a Westfield deputy town marshal. Following his arrest he was transferred to the Indiana State Reformatory for safekeeping. On March 20, 1969, he was returned to Marion County where he was sentenced to two to five years in the Indiana State Prison on the conviction on that charge. After being so sentenced petitioner was taken to the Boone County jail where he remained until his trial resulting in his conviction on November 7, 1969, on the second degree murder charge. The Boone Superior Court sentenced appellant to the Indiana State Prison for life on the murder conviction. On November 12, 1969, the Boone County sheriff delivered the petitioner to the Warden of the Indiana State Prison. At that time the warden took custody of the petitioner under the authority, first, on the commitment for the second degree burglary issued by the Marion Criminal Court, and, second, on the commitment for second degree murder issued by the Boone Superior Court.

The evidence in this case indicates that appellant was immediately placed on the commitment for burglary and that the commitment for second degree murder was held in abeyance pending the service of the minimum sentence under the second degree burglary charge.

On October 8, 1970, petitioner appeared before the Parole Board and was discharged from his previous commitment No. 36754 and was given a new commitment No. 37496.

It is appellant's position that since the second degree murder commitment issued by the Boone Superior Court was in full force and effect at the time he was received at the Indiana State Prison and given the commitment No. 36754 that the subsequent discharge of that commitment number constituted a discharge by the Parole Board of the second degree murder commitment, and that he is now entitled to his freedom. With this we do not agree. The only authority which the prison officials would have to discharge an inmate upon a commitment would be upon the service of the specified time of said commitment. The only authority to discharge an inmate of an Indiana penal institution prior to the expiration of his sentence is found in Article 5, § 17 on the Constitution of Indiana, which gives such power to the governor of this state. Even if it had been the stated intention of the Parole Board to discharge the appellant from his life sentence, such attempted action would be without authority and void. However, the testimony in this case by the prison authorities clearly demonstrates their intention in this case. It was the intention of the prison authorities to accept the appellant on November 12, 1969, as a prisoner on the second degree burglary charge and at that time to commence his sentence of two to five years. It was their further intention at that time to hold in abeyance his subsequent sentence to life imprisonment on the conviction for second degree murder until the minimum time had been served on the second degree burglary charge. It was pursuant to this

intention that they purported on October 8, 1970, to discharge the appellant on the second degree burglary sentence and start his commitment under a new number on the life sentence.

Although we must deny the appellant his relief as prayed in this case, we are constrained to observe that the authorities at the Indiana State Prison acted improperly in holding appellant's life sentence in abeyance from November 12, 1969, to October 8, 1970. In *Lawson* v. *State* (1931) 202 Ind. 583, 177 N. E. 266, the Court said:

> "Although the weight of authority is that courts have power derived from the common law to impose cumulative sentences on conviction of several offenses charged ■ in separate indictments, or in separate counts of the same indictment, the imprisonment under one to commence at the termination of that under the other, 8 R. C. L. 240; note 7 L. R. A. (N. S.) 125, it has long been settled to the contrary in this state, *Miller* v. *Allen* (1858), 11 Ind. 389; *Kennedy* v. *Howard* (1881), 74 Ind. 87; *Peed* v. *Brewster* (1906), 168 Ind. 51, 79 N. E. 1039, and the effect of a conviction of separate offenses and judgments for imprisonment rendered on the same date, is that the time of imprisonment on each judgment will run at the same time, *Peed* v. *Brewster, supra,* the judgment, in effect, being on the count giving the longest sentence." 202 Ind. at 587-588, 177 N. E. at 267 (footnotes omitted).

IND. ANN. STAT., 1956 Repl., § 9-2250 is an exception to the above rule in that it provides that if a prisoner while on parole commits a new crime he shall be subject to serve the second sentence after the first sentence is served. However, such is not the situation in this case. Appellant's life sentence should be deemed to have begun on November 7, 1969, at the time he was sentenced by the Boone Superior Court. The Warden of the Indiana State Prison is, therefore, directed to make such correction on appellant's record in the Indiana State Prison.

The Clerk of this Court is ordered to deliver a copy of this opinion to the warden of the Indiana State Prison.

The decision of the trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 652.