LARRY WAYNE INGOL v. STATE OF INDIANA.

[No. 1272S179.  Filed November 9, 1973.]

*Abe Latker,* of Fort Wayne, *Barrie C. Tremper,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a conviction of murder in the first degree. The appellant raises the following issues for our determination:

(1)  Whether the trial court erred in denying a new trial on appellant's motion alleging discovery of new evidence that an accomplice, who had denied a promise of leniency at trial, later received a one-year suspended sentence for armed robbery;

(2)  Whether the trial court erred in refusing to give certain requested instructions to the jury.

Appellant was charged with first degree murder in the killing of Jerome Zuber during an attempted robbery of a liquor store operated by the victim. Upon trial by jury, appellant was convicted and sentenced to life imprisonment in the Indiana State Prison.

A substantial portion of the evidence which led to appellant's conviction consisted of the testimony of an alleged

accomplice, George Watson, age 18. On cross-examination, Watson denied that he had been promised leniency in return for his State's testimony. Appellant contends that because Watson was subsequently granted leniency, this fact alone serves to impeach the witness's trial testimony to the extent that a new trial should have been granted. We disagree. Appellant does not offer any evidence that at the time of trial a "bargain" had been reached between the prosecution and Watson and that, therefore, Watson was lying about the promise of leniency. The mere fact that the State's witness received a lenient sentence does not, by itself, establish that Watson was lying at trial. Appellant does not allege that any other evidence exists to impeach Watson's credibility.

Appellant contends that the trial court erred in refusing certain of his requested instructions. However, the appellant neither sets out the instructions in his brief nor does he offer any cogent argument on behalf of his contentions. Thus, the appellant has waived this issue. AP. 8.3(A)(7).

For all the foregoing reasons, the judgment of the trial court is hereby affirmed.

Arterburn, C.J., Given and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 303 N. E. 2d 49.