GLENN MAXWELL ERVIN *v.* STATE OF INDIANA.

[No. 2-673A130. Filed November 28, 1973. Rehearing denied January 21, 1974.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal from a judgment entered upon the verdict of a jury finding appellant guilty of entering to commit a felony.

The facts most favorable to the State show that when Charles Monger, Jr. (Monger) returned to his home from a weekend out of the city he discovered it had been burglarized. He called the police, and described the missing articles to them when they arrived shortly thereafter.

The officers who answered the call notified a task force that was in the area, and joined the task force in searching the area for suspects. One team of officers noticed an improperly parked car during the search, and stopped to investigate. Defendant-appellant Glenn Maxwell Ervin (Ervin) was standing next to the car, and two juveniles were in the car.

As the officers approached Ervin, he dropped a butcher knife to the ground which was later discovered to have been taken from Monger's residence. In talking with the officers, Ervin admitted he owned the car. The officers then discovered items in the car which had been taken in the burglary. Monger was brought to the arrest scene, identified the items as his possessions, and also identified a brown jump suit and black leather coat worn by Ervin as belonging to him.

Acting upon information obtained from Ervin's companions at the time of his arrest, the officers later recovered a television taken from Monger's residence. Since Ervin and his companions had sold the television the previous night, Monger's residence had apparently been burglarized on two consecutive nights. Ervin was 19 years of age at the time of the burglary.

Appellant-Ervin first assigns as error a lack of subject-matter jurisdiction in the trial court. This issue was not raised at trial, but may properly be considered herein.

"Under the * Rules of Civil Procedure adopted January 1, 1970, the question of jurisdiction over the subject matter is usually raised either in a consolidated motion before answer or by the answer itself if no such motion is used. See Rule TR. 12. [Ind. Rules of Procedure.] However, this defense is available at any time before final decision and in any manner, and if not raised by a party it is our duty, sua sponte, to raise and determine it. Bohannan v. Bohannan (1961), 132 Ind. App. 504, 167 N.E.2d 717; State ex rel. Ayer v. Ewing, Judge (1952), 231 Ind. 1, 106 N.E.2d 441; Harvey's Indiana Practice, Vol. 1, pp. 604-608. Unlike jurisdiction over the particular case, subject-matter jurisdiction *cannot* be imposed by mutual consent or waived. Indiana Real Estate Commission v. Blue (1963), 135 Ind. App. 121, 190 N.E.2d 32; State ex rel. Standard Oil Co. v. Review Board of Indiana Employment Sec. Div. (1951), 230 Ind. 1, 101 N.E.2d 60." *Decatur County R. E. Mem. Corp.* v. *Public Service Co.* (1971), 150 Ind. App. 193, 275 N.E.2d 857, at 860, 28 Ind. Dec. 128 (transfer denied).

The primary jurisdictional issue Ervin presents is whether a criminal court should transfer jurisdiction over any *minor* who has been charged with an act that would be a crime if committed by an adult to the juvenile court. This question has been decided by our Supreme Court in *State ex rel. Neel* v. *Criminal Court* (1947), 225 Ind. 306, at 308, 74 N.E.2d 918, at 919, where it stated:

"The governing section of the act * * * makes it the duty of the court to transfer a pending criminal cause *only when it is shown that the child involved was under the age of 18 at the time of the commission of the act of delinquency.*" (Emphasis supplied.)

A secondary jurisdictional issue presented by Ervin is whether an act normally criminal in nature becomes for all purposes an act of delinquency when participated in by a juvenile and an adult, subjecting all persons involved in the act to the jurisdiction of the juvenile court until waived to criminal jurisdiction.

The statute setting out the pertinent portion of the jurisdiction of the juvenile court provides that,

"A *person* subject to the jurisdiction of the juvenile court under this act \* \* \* may be brought before it *by either of the following means and no other:*

"(a) By petition praying that the *person* be adjudged delinquent or dependent or neglected;

"(b) Certification and transfer from any other court before which any such *person* is brought charged with the commission of a crime." (Emphasis supplied.) IC 1971, 31-5-7-7 (Burns Code Edition).

The jurisdiction of the juvenile court is couched in terms of "persons" and not "acts." Clearly, the jurisdiction of such court cannot extend to a person over 18 years of age *solely* because that person co-acted with another person subject to its jurisdiction.

Such differential treatment for persons older and younger than 18 years of age raises no constitutional issues, even where the persons receiving differential treatment are co-participants.

Ervin next raises several issues which he denominates as "plain error." Issues inherently revealed by the record in a criminal case may be considered on appeal even when not raised below, especially where a juvenile's rights are involved. *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320; *Ford* v. *State* (1967), 248 Ind. 438, 229 N.E.2d 634; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848. However, the court may consider such issues only "when \* \* \* they are clearly and adequately presented in appellant's brief with supporting bill of exceptions." *Wilson* v. *State, supra,* at 78 of 222 Ind., at 854 of 51 N.E.2d. However, not every case where a defendant's attorney carelessly or ignorantly fails to preserve error for appeal calls for review. A substantial infringement of a defendant's right to due process must be shown to invoke the plain error principle. *Wilson* v. *State, supra.*

Ervin first asserts as plain error the lack of a waiver of jurisdiction from juvenile court in the record. This constitutes

plain error, he contends, because it is conspicuous by reason of its absence. No waiver was necessary since Ervin was over 18 years of age and not subject to juvenile court jurisdiction for the offense charged.

Ervin next contends that several of the court's instructions to the jury are improper on their face, and alludes that they constitute plain error. Since the instructions were not objected to at trial, and may be considered here only if they constitute plain error, we assume that such is Ervin's contention. However, no cogent argument or assertion that the instructions complained of constitute plain error has been made. Also, he has failed to set out verbatim in the argument section of his brief the instruction to which he refers, in contravention of Rule AP. 8.3(A), Ind. Rules of Procedure, and, except in the case of one instruction, has cited no authority to the court for his contentions, in contravention of Rule AP. 8.3(A)(7), *supra*. Thus, appellant has waived this issue. *Ingol* v. *State* (1973), 261 Ind. 329, 303 N.E.2d 49.

Ervin also raises in his brief three other issues he regards as "plain upon the record" and "prejudicial to his defense." Since these alleged errors were not properly preserved for appeal, we again assume that Ervin's position is that they constitute plain error.

However, Ervin has again failed to cogently assert that these three matters are plain error. And, with regard to his first two asserted errors, he has again failed to cite authority to the court for his contentions as required by Rule AP. 8.3(A)(7), *supra*. The alleged errors not being clearly and adequately presented in appellant's brief they may be considered waived. Furthermore, an examination of the record does not demonstrate a substantial infringement of appellant's right to due process.

Also, Ervin asserts as error the insufficiency of the evidence, an issue properly raised by his motion to correct errors.

Where the sufficiency of the evidence is raised as an issue on appeal from a criminal conviction, only the evidence most favorable to the State, and the reasonable inferences therefrom may be considered. Where there is substantial evidence of probative value establishing each material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. The court will not weigh evidence or determine credibility of witnesses. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790, 801; *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47, 50; *Jackson* v. *State* (1971), 257 Ind. 477, 275 N.E.2d 538, 539.

On facts strikingly similar to the case at bar, an inference that the defendant was guilty of entering with intent to commit a felony has been sustained as reasonable.

In *Starks* v. *State* (1926), 197 Ind. 468, 151 N.E. 332, the defendant was found in possession of items stolen from homes near his residence which had been taken as long as four months previous to his arrest. And, that defendant unsatisfactorily explained his possession of the items. Ervin was likewise found in possession of recently stolen items in close proximity to the scene of the crime, and was unable to satisfactorily account for his possession of the items.

In *Starks* our Supreme Court stated, "[t]his evidence sufficiently supports the inference which the trial court drew from it that defendant burglarized the home * * *." (At 470 of 197 Ind., at 333 of 151 N.E.). Although our Supreme Court used the word "burglarized" in its holding, language elsewhere in the case indicates that Starks was also found guilty of entering with intent to commit a felony, for which offense Ervin was convicted in the present case.

On the authority of *Starks,* we hold that the evidence most favorable to the State and the reasonable inferences therefrom are sufficient to sustain Ervin's conviction.

Ervin also contends that the sentencing procedure in his case was irregular in that the trial court made no inquiry

as to whether he had benefit of counsel at a previous trial and conviction before considering that conviction in sentencing him. Even assuming, without deciding, that this issue is properly raised here, his contention can be of no avail to him.

Ervin relies on *United States* v. *Tucker* (1972), 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592, which is not here applicable. In *Tucker*, the Supreme Court required the trial court to reconsider its sentencing of a defendant where there was a showing that the trial court had misapprehended the constitutional propriety of the defendant's prior convictions, and then considered those convictions in sentencing him. Here, Ervin has made no such showing.

Ervin's last asserted error is the lack of specification in the judgment of the trial court as to whether his sentence is to be served consecutively or concurrently with the sentence resulting from his prior conviction. This error was not raised in his motion to correct errors, and as a result the trial court was not given an opportunity to clarify its judgment. Furthermore, Ervin has made no showing that his sentences imposed by the Indiana Courts are being served consecutively.

For the above reasons, the judgment of the trial court is affirmed.

Affirmed.

Lowdermilk, J., concurs; Staton, J., concurs with separate opinion.

### CONCURRING OPINION

STATON, J.—Failure to specify the consecutive or concurrent nature of the sentence in a trial court's judgment is not error unless the conviction is one specifically covered by a special statute which permits consecutive sentencing.

In *Baromich* v. *State* (1969), 252 Ind. 412, 416, 249 N.E.2d 30, 33, our Indiana Supreme Court stated:

"The rule in this State then is that the court does not have authority to impose sentences which are to run consecutively unless there is a specific statute which authorizes such a thing. The Legislature has enacted several statutes which allow consecutive sentencing in specific situations. For example, Burns' § 10-1807 (where the defendant commits a crime while escaped from prison); § 10-1809 (where defendant commits a crime while escaped from jail); § 10-4709 (committing a crime while armed); § 9-2250 (committing a crime while on parole). In the absence of such a specific statutory provision consecutive sentencing is not permitted."

In *Stuck* v. *State* (1972), 259 Ind. 291, 286 N.E.2d 652, 654, the defendant had been convicted and sentenced in Marion County, Indiana for second degree burglary before he was taken to Boone County, Indiana where he received a life sentence on a second degree murder conviction. The parole board attempted to let his second degree burglary minimum sentence expire before starting his life sentence on the second degree murder conviction. Justice Givan writing for the full court stated:

" 'Although the weight of authority is that courts have power derived from the common law to impose cumulative sentences on conviction of several offenses charged in separate indictments, or in separate courts of the same indictment, the imprisonment under one to commence at the termination of that under the other, 8 R.C.L. 240; note, 7 L.R.A. (N.S.) 125, it has long been settled to the contrary in this state, Miller v. Allen (1858), 11 Ind. 389; Kennedy v. Howard (1881), 74 Ind. 87; Peed v. Brewster (1906), 168 Ind. 51, 79 N.E. 1039, and the effect of a conviction of separate offenses and judgments for imprisonment rendered on the same date, is that the time of imprisonment on each judgment will run at the same time, Peed v. Brewster, *supra*, the judgment, in effect, being on the count giving the longest sentence.' [Lawson v. State] 202 Ind. [583] at 587-588, 177 N.E. [266] at 267. . . ."

The trial court need not clarify its judgment unless the record indicates that a specific statute permitting consecutive sentencing is applicable.

NOTE.—Reported at 303 N.E.2d 835.