WALLACE *v.* STATE.

(*Nashville,* December Term, 1951.)

Opinion filed January 11, 1952.

HOMER B. WEIMAR and WALKER & HOOKER, all of Nashville, for plaintiff in error.

J. CARLTON LOSER and ANDREW D. TANNER, both of Nashville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an application by Wallace to me, as the Chief Justice of the Supreme Court, to be admitted to bail pending his trial in the Criminal Court of Davidson County on indictments charging him with a felony, which is a grade less than a capital offense. The application is made because the trial judge refused to admit the petitioner to a second bail pending his trial, he having defaulted on his first bail bond. Associate Justices Prewitt and Tomlinson were directed to be present and participate in the hearing.

The record made in the lower court and upon which this application is based is very meager. It consists only of the arguments of counsel wherein certain statements of fact are made to the court, and of the reply made from time to time by the court to the arguments and assertions of fact made by various counsel. That which can be gathered from the record in support of the application will now be stated. It appears from the petition that Wallace was arrested and bound to the grand jury upon the felony charges mentioned above and pending the action of the grand jury the trial judge fixed his bond at $35,000.00. This was later reduced to $15,000.00 by consent of the District Attorney General. He was in due course indicted on September 28, 1951, and the cases set for trial on October 4, 1951. The petitioner was not present on that date and a conditional forfeiture was taken on his bond. A show cause order as to why the judgment should not be made final was issued and that phase of the matter is now pending in the trial court.

Following Wallace's release on the above mentioned bond, and while sojourning in the State of Indiana, he was arrested and committed to jail for a felony alleged to have been committed in that State prior to the date of the offenses for which he had been indicted by the grand jury of Davidson County. It was for this reason he was not present in the Davidson County Criminal Court on October 4, 1951, in compliance with his appearance bond. The State of Indiana surrendered the petitioner to Tennessee authorities and he was accordingly released and returned to this State, he having waived extradition, and placed in jail.

When Wallace was next brought in to the Criminal Court of Davidson County he made application for a con-

tinuance of his case in order presumably to have time within which to prepare his defenses. That application was granted. He then made application for bail which was refused. As we understand it this refusal was based on two grounds, to-wit, (1) that he had lost his right to bail by his failure to appear when his case was called for trial on October 4, 1951, in accordance with the obligations of his bond; and (2) because the contempt of which he was prima facie guilty by his failure to appear had not been purged.

It is assumed that what is meant by purging the contempt is to comply with whatever order the court should make on the principal and sureties on his previous bail bond consistent with the obligations thereto.

 Before such an order can be made the sureties, as well as the principal, are entitled to be heard. An opportunity to hear them in the manner and time provided by law had not been afforded when this application was made. It would seem therefore that the application for bail should not have been denied on that ground. Otherwise, the sureties by procuring continuances on a proper showing could keep the applicant in jail an indefinite time notwithstanding his right, if subject to be released again on bail.

This reduces the problem here to a question as to whether or not Wallace lost his right to bail by his failure to appear at the time and in the manner called for by his previous bail bond upon which a forfeiture was taken.

The insistence made in behalf of the petitioner is that under our Constitution, Article 1, Section 15, the trial judge has no discretion in the matter but must admit the applicant to bail except in capital cases. That section of the Constitution provides that ''All prisoners shall be

bailable by sufficient sureties, unless for capital offences, when the proof is evident or the presumption great.''

Under the foregoing constitutional provision the petitioner is entitled to bail as a matter of right, unless he forfeited it by reason of his failure to comply with the conditions of a prior bail bond upon which a forfeiture had been taken. In *State ex rel. Lea* v. *Brown,* 166 Tenn. 669, 693, 64 S. W. (2d) 841, 848, 91 A. L. R. 1246, the Court quotes with approval from a leading New York case, *In re Cooper,* 93 N. Y. 507, 512, the following: ''It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, *and that having once done so he cannot afterward ask for its protection.'',* citing other cases. See also *Prater* v. *Prater,* 87 Tenn. 78, 80, 9 S. W. 361.

Having procured that which the Constitution gives him as a matter of right, to-wit, the right to bail pending trial and having violated the contract which the Constitution requires him to enter into as a condition precedent to the obtaining of that right, has he thereby forfeited the right to be again admitted to bail in the same case?

The question thus presented has given to each of us very great concern. It is vital not only to this petitioner but to all persons who may hereafter be similarly situated as to how we answer this question.

The right to bail in all cases has been regarded by all the courts as fundamental. The forfeiture to the right to bail is never looked upon with favor by any judicial tribunal. While it is doubtless true that one accused of crime may forfeit his constitutional right to bail, such a forfeiture, waiver or abandonment of the right should be made to appear by affirmative evidence before there can be any denial of the right. It should not rest

in doubt. Otherwise the door would be open to official oppression and in many instances it could result in an arbitrary denial of a constitutional right to liberty.

The purpose of bail is well stated in American Jurisprudence, Volume 6, (Revised), Section 6, page 61, as follows: "Statutes pertaining to bail bonds are generally interpreted by the courts with reference to the specific purpose for which the bond was intended. The primary purpose of bail in a criminal case is not to increase the revenue of the state, or to punish the sureties, but to combine the administration of criminal justice with the convenience of a person accused but not proved to be guilty. Its object is to relieve the accused of imprisonment, and the state of the burden of keeping him, pending the trial, and at the same time, to put the accused as much under the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the court and do what the law may require of him."

Under the provision of the Constitution to which we have referred the conclusion seems inescapable that, except in capital cases, the right to bail is mandatory. Strange as it may appear the Supreme Court of this State has never dealt with the question now before us and authorities in other states on the same question are not available. In fact, we have found none. We have been referred by counsel to two Federal Court decisions, one of which is directly in point and supports the contention of the petitioner. We have made intensive search for some precedent dealing with the problem before us with little success. The only direct authority seems to be found in 8 C. J. S., under Bail, Section 36d, page 77, which reads, as follows: "Where bail is a matter of right and prior absconding and forfeiture is not excepted

188

from such right bail must be allowed irrespective of such circumstance." *Rowan* v. *Randolph,* 7 Cir., 268 F. 527. In this case the court held that bail should not be denied where it is given as a matter of right though the accused had been twice before arrested and absconded after being released on bail.

Under the foregoing authority it is a matter of grave doubt if the trial court is authorized to deny the right of an accused to bail on the ground that he had forfeited a prior bond, even though the court may be convinced that he is trifling with the court, or is otherwise contemptuous of its authority to bring him to trial. The constitutional guarantee of the right to bail contains no exceptions.

The State is not without its remedy to bring to trial one who has defaulted on an appearance bond. Where a forfeiture is taken and an application is again made for bail in the same case the trial judge has full authority to require of the applicant a bond with other and additional sureties, as well as to increase the amount of the bond.

We greatly respect the ability and integrity of the trial judge, but considering the mandatory provision of the Constitution, and the fact that there is no evidence of a waiver or forfeiture of the petitioner's right to bail, the petition is sustained. An order will accordingly issue directing that petitioner be released on bail in the sum of $15,000.00, this being the amount of the original bond upon which a conditional forfeiture was taken.

PREWITT and TOMLINSON, JJ., concur.

BURNETT, J., while not present and participating, concurs in the opinion.

GAILOR, J., not participating.