JAMES THEODORE PRUETT v. STATE OF INDIANA.

[No. 374S60. Filed August 21, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *Stephen Brown,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant's felony murder conviction was reversed in 1968, and a new trial was ordered. *Pruett* v. *State,* (1968) 250 Ind. 359, 234 N.E.2d 501. On retrial, appellant pleaded guilty and was sentenced to life imprisonment. In this belated appeal from the denial of post-conviction relief, appellant seeks credit for jail time served prior to his first

trial and for his subsequent confinement in the state prison pending reversal of the conviction.

Appellant's petition for correction of his sentence was premised upon that aspect of the fifth amendment double jeopardy clause which bars multiple punishments for single offenses. In support of his position, appellant relied upon the following language from *North Carolina* v. *Pearce*, (1969) 395 U.S. 711, 718-19, 23 L. Ed. 2d 656, 665-66, 89 S. Ct. 2072, 2077:

> "We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed."

Appellant also relied upon Ind. R. P.C. 1, § 10(b), and Ind. Code § 35-8-2.5-1, Burns § 9-1828 (1974 Supp.). In denying relief, the trial court followed the decision of the Court of Appeals, Third District, in *Shank* v. *State*, (1972) 154 Ind. App. 147, 289 N.E.2d 315. Shank, appealing from an original conviction, unsuccessfully sought credit against his sentence for time spent awaiting trial and sentence. The Court of Appeals rejected Shank's constitutional argument based upon equal protection grounds. Obviously, there was no double jeopardy issue before the Court in *Shank*. Finally, the Court in *Shank* decided that the statute relied upon by appellant herein was not to have retroactive application.

For the reasons expressed in this Court's unanimous decision in *Brown* v. *State*, (1975) 262 Ind. 629, 322 N.E.2d 708, the equal protection argument renounced in *Shank* was embraced and held to require full retroactive sweep of Ind. Code § 35-8-2.5-1, Burns § 9-1828 (1974 Supp.). Both under *Brown,* and the clear language of *North Carolina* v. *Pearce,*

*supra,* it is evident that appellant is due the credit which he seeks. It is true that appellant is serving a life sentence, and so may not derive benefit from such credit in the same manner as one serving a determinate sentence. Nevertheless, the time served by appellant may be relevant to the granting of executive clemency or to the receipt of privileges during imprisonment. Accordingly, this cause is reversed and remanded to the trial court with instructions to grant appellant credit for time served pending his first trial, time served pending reversal of the conviction on appeal, and time served prior to his second sentencing.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 332 N.E.2d 212.