JAMES KINDRED *v.* STATE OF INDIANA.

[No. 1-976A147. Filed April 14, 1977. Rehearing denied May 23, 1977. Transfer denied July 20, 1977.]

*Mark Peden, Foley, Foley & Peden,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

LYBROOK, J.—James Kindred, defendant-appellant, brings this appeal following the denial of his Petition for Withdrawal of Appeal Bond and the subsequent denial of credit toward his term of imprisonment for the period of time he was incarcerated awaiting the disposition of a previous appeal.

The facts most relevant to this case indicate the following sequence of events:

(1) September 27, 1971, Kindred was arraigned on charges of armed robbery and theft. He remained incarcerated upon failure to post bond.

(2) September 25, 1972, the Indiana Supreme Court appointed the Honorable Ronald S. Lieber Special Judge.

(3) March 3, 1973, a jury found Kindred guilty of a felony, robbery while armed, and recommended a sentence of 10 years.

(4) March 16, 1973, Kindred was sentenced to 10 years imprisonment, appeal bond was posted and Kindred was released from custody. It was further indicated that Kindred would be credited with time served from September 27, 1971 to March 15, 1973.

(5) Between March 16, 1973, and December 14, 1973, Kindred pleaded guilty to two other unrelated felony counts and was committed to the Indiana Reformatory on December 14, 1973.

(6) March 25, 1974, Kindred filed his Petition for Withdrawal of Appeal Bond and requested that his time commence running should his conviction be affirmed.

(7) March 27, 1974, Honorable Byrl Eltzroth, regular Judge of Morgan Superior Court, overruled Kindred's Petition for Withdrawal of Appeal Bond.

(8) December 19, 1974, Morgan Superior Court received a copy of the Opinion of the Court of Appeals confirming Kindred's conviction. *Kindred* v. *State* (1974), 160 Ind. App. 418, 312 N.E.2d 100.

(9) November 20, 1975, Committment Proceedings were held wherein Kindred was committed to the Indiana Department of Corrections for a term of 10 years. Kindred was given credit for 535 days previously served. Kindred also moved for discharge for failure to sentence him within thirty days. That matter was denied.

On the above facts, Kindred timely filed this appeal and presented the following issues for our consideration:

(1) Was the hearing on November 20, 1975 a sentencing and thus a violation of IC 1971, 35-8-1(A)-2 (Burns Code Ed.) which requires sentencing within 30 days of conviction?

(2) Was Kindred properly denied credit for the time he served between March 25, 1974, and November 20, 1975?

(3) Did the regular judge of the Morgan Superior Court have jurisdiction to overrule Kindred's Petition for Withdrawal of Appeal Bond, or was jurisdiction solely in Special Judge Ronald Lieber?

## I.

Kindred initially contends that the trial court was without jurisdiction to sentence him as was done on November 20, 1975. As authority for his contention he cites IC 1971, 35-8-1(A)-2 (Burns Code Ed.).

"*35-8-1A-2* [9-2206a]. Time for pronouncing sentence.— Upon entering a conviction the court shall set a date for sentencing within thirty [30] days, unless for good cause shown an extension is is [sic] granted. . . ."

While this statute does require sentencing within thirty days, it does not apply to the case at bar. The hearing which was conducted on November 20, 1975, was not for sentencing, as he was sentenced March 16, 1973, but was actually for commitment and determination of credit to be given to Kindred for time previously served.

Even if it were held that Kindred was not sentenced until November 20, 1975, dismissal would not be the appropriate remedy on two separate bases: (1) Kindred sought or caused the delay by his filing of the appeal. *Taylor* v. *State* (1976), 171 Ind. App. 476, 358 N.E.2d 167; *Moore* v. *State* (1972), 154 Ind. App. 482, 290 N.E.2d 472. (2) Good cause for the delay is presumed when the record is silent as to the reason for the delay and the defendant has not objected. *Taylor, supra.* We therefore hold that Kindred was not entitled to discharge at the commitment hearing.

## II.

Kindred's second allegation of error presents a unique argument for which no persuasive authority has been cited. A search of the Indiana authorities has revealed no precedents which are dispositive of this issue. It is Kindred's contention that his Petition for Withdrawal of Appeal Bond constituted a surrender within the terms of IC 1971, 35-4-6-1 (Burns Code Ed.) *et seq.*, and thus the trial court had an affirmative duty to revoke Kindred's appeal bond and commence the running of his term of imprisonment.

Kindred contends that he has a right to commence the running of his time by surrendering himself and forfeiting his bail. This theory is supported by the case of *Wallace* v. *State of Tennessee* (1952), 193 Tenn. 182, 245 S.W.2d 192, 29 A.L.R.2d 941, where it is stated:

> "While it is doubtless true that one accused of crime may forfeit his constitutional right to bail, such a forfeiture, waiver or abandonment of the right should be made to appear by affirmative evidence before there can be any denial of the right. It should not rest in doubt. . . ."

It is also against the principles of fairness to require a defendant to make an irrevocable choice when he elects to seek an appeal of his conviction. To allow the actions of the trial court to stand would necessitate that the defendant choose between applying for an appeal bond, knowing he could not change his mind, or beginning the serving of his time by refusing to apply for bond. In addition, if the above were true, the defendant could be surrendered by his sureties[1] but could not surrender himself.

The policy of this State is to allow credit for all time served, both awaiting trial and pending appeal. *Pruett* v. *State* (1975), 263 Ind. 405, 332 N.E.2d 212; IC 1971, 35-8-2.5-3 (Burns Code Ed.).

---

1. IC 1971, 35-4-6-4 (Burns Code Ed.).

In the case at bar Kindred attempted, *through an affirmative act,* to commence the running of his time but this was denied to him by the overruling of his Petition for Withdrawal of Appeal Bond.

This action was analogous to that taken by the Parole Board in the case of *Stuck* v. *State* (1972), 259 Ind. 291, 286 N.E.2d 652. In *Stuck* the parole board attempted to withhold the commencement of the running of Stuck's sentence for life on a murder conviction until the minimum time had elapsed on a burglary charge which he was currently serving. Justice Givan, speaking for the court in *Stuck*, expressed a policy that all sentences should be served concurrently, even though the sentencing and commission of the crime were not simultaneous, and quoted with approval the following passage from *Lawson* v. *State* (1931), 202 Ind. 583, 177 N.E. 266:

> " '. . . and the effect of a conviction of separate offenses and judgments for imprisonment rendered on the same date, is that the time of imprisonment on each judgment will run at the same time, *Peed* v. *Brewster, supra,* the judgment, in effect, being on the count giving the longest sentence. 202 Ind. at 587-588, 177 N.E. at 267 (footnotes omitted).' "

The policy expressed in *Stuck* leads us to the conclusion that sentences are to be served concurrently and that Kindred was denied the benefit of concurrent sentencing by the denial of his Petition for Withdrawal of Appeal Bond.

Following the reasoning expressed above, we hold that Kindred had a right to surrender himself and commence the running of his sentence. The affirmative action of filing the petition on March 25, 1974, was effective as a surrender. Kindred should have been credited with the time served between March 25, 1974, and his later commitment on November 20, 1975.[2]

---

2. IC 1971, 35-8-7.5-1 (Burns Code Ed., Supp. 1976) would perhaps alter our decision but is not factually applicable to the case at bar. In addition, the statute did not become effective until July 29, 1975, after the acts in the case at bar.

## III.

In light of our holding as to Issue II we deem it unnecessary to address the appellant's third alleged error.

The trial court is hereby directed to amend its commitment order to allow Kindred credit for the above indicated period of incarceration.

Judgment reversed and remanded for further action not inconsistent with this opinion.

Reversed and remanded.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 362 N.E.2d 168.