STATE of Tennessee ex rel. Johnny HEMBY, Petitioner,

v.

Joe B. O'STEEN, Sheriff of Lauderdale County, Respondent.

Court of Criminal Appeals of Tennessee.

Oct. 28, 1977.

Robert C. Wilder, Ripley, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

This matter is before us on application for certiorari and supersedeas granted by a judge of this Court and set for hearing before a full panel.

On July 17th, 1977, defendant was arrested in Lauderdale County on a warrant charging him with assault with intent to commit first degree murder. He was bound over in a preliminary hearing before the General Sessions Judge with bond fixed at twenty-five thousand dollars ($25,000.00). On August 12th, 1977, a hearing was had on a second warrant charging him with second degree murder. The General Sessions Judge bound him over to the Grand Jury on that charge and left the bond set at a total of twenty-five thousand dollars ($25,000.00) on both charges. On August 19th, 1977, a petition for Writ of Habeas Corpus was filed in the Circuit Court of Lauderdale County alleging that petitioner was illegally restrained of his liberty by the sheriff of that county by reason of excessive bond pending action of the Grand Jury. On August 22nd, 1977, a hearing was held. The trial judge found that the motion for reduction of bond was not well taken because the defendant was a threat to his family, and to society, particularly while under the influence of alcohol. The bond in the amount of twenty-five thousand dollars ($25,000.00) was retained in force and the sheriff directed to make arrangements to have the petitioner observed and treated for possible alcoholism at a local mental health center. On September 30th, 1977, the petition for writ of certiorari and supersedeas was filed in this court and granted with a temporary bond fixed at fifteen thousand dollars ($15,000.00) subject to further orders of the court. It appears that while the matter was pending in this court the Grand Jury of Lauderdale County returned indictments charging the petitioner with involuntary manslaughter and aggravated assault. The record seems to show that the charges against defendant grew out of assault and battery upon his wife and the unexplained death of his five-week-old son. At the bond reduction hearing in the trial court the Sheriff of Lauderdale County testified that an oral autopsy report indicated the child died of lack of oxygen which could have resulted from intentional obstruction of the child's breathing or from a cause unrelated to any external force. It was his opinion, from his personal knowledge, that the petitioner was extremely fond of the child. He also expressed the view that petitioner had experienced a drinking problem which caused a personality change but, at the time of the hearing he had managed to bring this under control. The wife of petitioner testified that she was not afraid of petitioner and had no fear for the safety of two other minor children if he were released. That she needed him at home and had no desire to prosecute him. His employer testified that he would put him back to work as quickly as possible if he were released. A sister, who is a police officer in the city of Memphis, testified she and her husband would assume the responsibility to assure that petitioner would pursue any course of alcoholic rehabilitation treatment he embarked upon if he were released.

The first assignment charges error to the trial judge in dismissing the Writ of Habeas Corpus because the amount of bail was excessive under the provisions of the Eighth Amendment of the United States Constitution and Article 1, Section 16 of the Tennessee Constitution.

There is no doubt that the right to bail is mandatory in all except capital cases. Constitution of Tennessee, Article 1, Sec. 15. *Wallace v. State*, 193 Tenn. 182, 245 S.W.2d 192. The mandate against excessive bail is equally decisive under the provi-

sions of Article 1, Section 16 of the Constitution. The United States Supreme Court, through Mr. Justice Douglas in *Bandy v. United States*, 364 U.S. 477, 81 S.Ct. 197, 5 L.Ed.2d 218, citing from *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3, has said that it would be unconstitutional to fix excessive bail to assure that a defendant will not gain his freedom.

There is some authority on the State level to the effect that the right of a convicted felon to bail is subordinate to the public peace and well-being of society, see *Goins v. State*, 192 Tenn. 32, p. 10, 237 S.W.2d 8, and on the Federal level that bail should not be granted where the offense of which the defendant has been convicted is an atrocious one and there is danger that if he is given his freedom he will commit another of like character, *Carbo v. United States*, 82 S.Ct. 662, 7 L.Ed.2d 769. However, these cases seem to be limited to denial of bail after conviction.

■ Confining our ruling to the facts shown in the record, particularly the indictments returned by the Grand Jury charging the petitioner with a considerably lesser degree of offenses than those contained in the original warrants, we conclude that the bail set in this case violates the express provisions of Article 1, Section 16 of the Tennessee Constitution. The petitioner has now been confined nearly three months due to his inability to secure bail set by the General Sessions Judge. This is tantamount to a denial of bail. The exigencies of the situation demand that we reduce the bond rather than remand the cause to the trial court for a further hearing. The bail in this case is reduced to the sum of two thousand dollars ($2,000.00) on the involuntary manslaughter charge, and the sum of one thousand dollars ($1,000.00) on the charge of aggravated assault. The trial judge may impose any reasonable and proper conditions he deems necessary on defendant's release.[1] The case is remanded to the trial court for further proceedings in accordance with this opinion.

WALKER and DUNCAN, JJ., concur.

1. The American Bar Association Standards relating to Pre-trial Release, Part V, Sec. 5.5, provides some excellent guidelines for situations of this nature.