# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. LATICKIA TASHAY BURGINS

**Appeal from the Criminal Court for Knox County**
**No. 101255     Bobby R. McGee, Judge**

**No. E2014-02110-CCA-R8-CO - Filed December 3, 2014**

The defendant, Latickia Tashay Burgins, through counsel, sought automatic review of the trial court's revocation of bail pursuant to Tennessee Rule of Appellate Procedure 8. The defendant argues that the trial court's reliance upon Tennessee Code Annotated section 40-11-141(b) to revoke and deny pretrial bail following her garnering additional charges violates Article I, section 15 of the Tennessee Constitution. Upon full consideration of the defendant's motion for review and the State's response, we conclude that Code section 40-11-141(b) violates the constitutional guarantee to pretrial bail by permitting a trial court to hold a defendant without bail pending trial. Accordingly, we reverse the judgment of the trial court denying the appellant pretrial bail and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 8; Judgment of the Criminal Court Reversed and Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Kaitlyn Poirier, University of Tennessee Legal Clinic Attorney; Wade V. Davies and Valorie K. Vojdik, Supervising Attorneys, Knoxville, Tennessee, for the appellant, Latickia Tashay Burgins.

Herbert H. Slatery, III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 27, 2014, the defendant, Latickia Tashay Burgins, through counsel, filed a motion for review of the Knox County Criminal Court's order denying pretrial bail. *See*

Tenn. Code Ann. § 40-11-144; *see also* Tenn. R. App. P. 8. On November 5, 2014, the court ordered the State to file a response to the motion. The State filed its response on November 14, 2014.

The motion before the court reveals that the defendant was charged with one count of simple possession of marijuana, a Class A misdemeanor, *see* Tennessee Code Annotated section 39-17-418, and released on pretrial bail.[1] While on bail, the defendant was charged in Knox County case number 103500 with attempted first degree murder, employing a firearm during the commission of a dangerous felony, attempted especially aggravated robbery, attempted carjacking, and aggravated assault. Upon motion of the State, the trial court revoked the defendant's bail and ordered her held without bail pending trial. The defendant filed a motion to set bail and a motion to declare Tennessee Code Annotated section 40-11-141(b) unconstitutional, both of which were denied by the trial court.

At the trial court level, the State argued that the defendant's bail should be revoked pursuant to Code section 40-11-141(b), which provides:

> If after the defendant is released upon . . . [a] bond approved by the court, the defendant . . . is charged with an offense committed during the defendant's release . . . , then the court may revoke and terminate the defendant's bond and order the defendant held without bail pending trial or without release pending trial.

Tenn. Code Ann. § 40-11-141(b).

In the June 24, 2014 order denying bail, the trial court revoked the defendant's bail pursuant to Code section 40-11-141(b). The trial court opined that the use of the word "may" in that statute afforded the court discretion to revoke pretrial bail upon the garnering of new charges. The trial court held that the "very serious and violent nature" of the new charges warranted the revocation of bail. The trial court further held that "[u]nder these circumstances this court does not find that Tennessee Code Annotated [section] 40-11-141 is unconstitutional and does not find that the denial of a second bond violates the defendant's constitutional right to have a reasonable bond set." The defendant has been held without bail in this case since June 27, 2014.

---

[1] Although not referenced in the defendant's motion for review of bail before this court, the trial court's order denying bail indicates that the defendant was released on $5,000 pretrial bail in this case. The memorandum of law submitted by the defendant indicates that the bond amount was $1,000. The record contains no other information concerning any additional conditions of bail imposed by the trial court.

-2-

In her motion before this court, the defendant contends that her constitutional right to pretrial bail has been denied by the trial court's action. She asks that this court set a reasonable bail and review the issue of the constitutionality of Code section 40-11-141(b). In response, the State argues that the constitutional right to pretrial bail may be forfeited when "such a forfeiture . . . appear[s] by affirmative evidence." *See Wallace v. State*, 245 S.W.2d 192, 194 (Tenn. 1952). The State contends that the defendant's indictment for serious charges involving attempted first degree murder established "affirmative evidence" to justify the forfeiture of bail in this case.

Article I, section 15 of the Tennessee Constitution mandates "[t]hat all prisoners be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great." Tenn. Const. art. I, § 15; *see also* Tenn. Code Ann. § 40-11-102 ("Before trial, all defendants shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."). Our legislature has determined that "[b]ail shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required." Tenn. Code Ann. § 40-11-118(a). "In determining the amount of bail necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public," a trial court must consider certain specific criteria designed to determine whether the defendant may constitute a flight risk. Tenn. Code Ann. § 40-11-118(b). A trial court also may place reasonable restrictions upon the defendant's release into the community to ensure the defendant's appearance in court. *See* Tenn. Code Ann. § 40-11-116.

In *Wallace v. State*, the supreme court suggested that a defendant may forfeit the constitutional right to bail: "While it is doubtless true that one accused of crime may forfeit his constitutional right to bail, such a forfeiture, waiver or abandonment of the right should be made to appear by affirmative evidence before there can be any denial of the right." *Wallace*, 245 S.W.2d 192, 194 (1952). The State asserts that this authority supports the trial court's determination that the discretionary revocation and denial of bail pursuant to Code section 40-11-141(b) does not deprive the defendant of her constitutional right to bail.

The court, however, is not convinced that *Wallace* stands for the proposition espoused by the State. Clearly, a defendant may forfeit an existing bond for failure to comply with the conditions of release. Tenn. Code Ann. § 40-11-120. Nevertheless, the constitutional right to post an additional bond remains fundamental. *Wallace*, 245 S.W.2d 192, 194 (stating that "the conclusion seems inescapable that, except in capital cases, the right to bail is mandatory"); *see also State ex rel. Hemby v. O'Steen*, 559 S.W.2d 340, 341 (Tenn. Crim. App. 1977). "The constitutional guarantee of the right to bail contains no exceptions." *Wallace*, 245 S.W.2d at 194. Thus, in *Wallace*, the court held steadfast to the proposition that the right to pretrial bail in noncapital cases is without exception and that, in the face of

affirmative evidence of forfeiture, a defendant may forfeit an existing bail but will still be afforded an opportunity to post an additional bail with appropriate conditions. *Wallace*, 245 S.W.2d at 194 (stating that "[w]here forfeiture is taken and an application is again made for bail in the same case the trial judge has full authority to require of the applicant a bond with other and additional sureties as well as to increase the amount of the bond").

With these considerations in mind, we conclude that, to the extent Tennessee Code Annotated section 40-11-141(b) permits a trial court to hold a defendant "without bail pending trial," the statute violates the constitutional guarantee of the right to bail under Article I, section 15 of the Tennessee Constitution, and the trial court erred in denying the defendant an opportunity to post an additional bail in this case. Therefore, the court remands this matter to the trial court for further proceedings concerning an additional bail. During the hearing, the trial court shall address the factors outlined in Code section 40-11-118(b) as to additional conditions or bail that may be required "to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public."

_____
D. KELLY THOMAS, JR., JUDGE