IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CRAIG KITT

**Circuit Court for Williamson County**
**No. J-CR250359**

_____

**No. M2025-01297-CCA-R8-CO**

_____

## ORDER

This matter is before the Court upon motion of the Defendant, Craig Kitt, for review of the trial court's order denying his motion to reduce the amount of his pretrial bond. *See* Tenn. R. App. P. 8; Tenn. Code. Ann. § 40-11-144. The State opposes.

### Background

The Defendant is charged with three counts of aggravated rape and five counts of rape against his estranged wife. The Defendant's pretrial bond is currently set at $500,000, plus conditions on release, including no contact with his wife, GPS monitoring, alcohol monitoring and no possession of firearms. On July 18, 2025, he filed a motion to reduce that amount. Following a hearing, the trial court denied the motion. The trial court, after hearing the testimony of the lone defense witness, reviewing the exhibits filed by the parties, the arguments presented and the applicable law, ruled as follows in its written order:

> On numerous occasions, Defendant admitted the crimes with which he is charged. These crimes are very serious crimes - aggravated rape and rape - which are class A and B felonies. The serious nature of the crimes and the high likelihood of conviction leave the Court to find the motion is not well-taken. Accordingly, the motion is DENIED.

### Rule of Appellate Procedure 8

Rule 8 provides the procedural framework for obtaining appellate review of a trial court's actions regarding a defendant's release. Tenn. Code Ann. § 40-11-144. In order

for this Court to conduct its review, and because generally there is no record on appeal when a defendant seeks review of a trial court's actions in this type of situation, it is a defendant's responsibility to provide this Court with an *ad hoc* record of the proceeding below. In the matter at hand, the Defendant has provided this Court with copies of the relevant trial court filings, the transcript of the hearing on the motion to reduce bail, and the trial court's written order. Thus, the instant motion is adequate for this Court to conduct its review.

**Pretrial Release**

Article I, section 15 of the Tennessee Constitution guarantees a defendant the right to bail in all except capital cases. *See State v. Burgins*, 464 S.W.3d 298, 306 (Tenn. 2015); *see also* Tenn. Code Ann. § 40-11-102 ("Before trial, all defendants shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."). Similarly, excessive bail is expressly prohibited by Article I, section 16 of the Tennessee Constitution. *See State ex rel. Hemby v. O'Steen*, 559 S.W.2d 340, 341-42 (Tenn. Crim. App. 1977).

Initially, this Court observes that a trial court has the authority to release a defendant prior to trial on his or her own personal recognizance or upon an unsecured bond. Tenn. Code Ann. § 40-11-115. If, however, the trial court determines a defendant does not qualify for release under the provisions of § 40-11-115, the court shall then "impose the least onerous conditions reasonably likely to assure the defendant's appearance in court," which may include the posting of a secured bond. Tenn. Code Ann. § 40-11-116 and -117.

If a secured bond is ordered, and to assist the trial courts in determining an appropriate amount, our legislature has directed that bail "shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required." Tenn. Code Ann. § 40-11-118(a). Furthermore, "in determining the amount of bond necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public," the trial courts shall consider the following factors:

(1)     The defendant's length of residence in the community;
(2)     The defendant's employment status and history and the defendant's financial condition;
(3)     The defendant's family ties and relationships;
(4)     The defendant's reputation, character and mental condition;
(5)     The defendant's prior criminal record and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings;
(6)     The nature of the offense and the apparent probability of

conviction and the likely sentence;

(7) The defendant's prior criminal record and the likelihood that because of such record the defendant will pose a risk of danger to the community;

(8) The identity of responsible members of the community who will vouch for the defendant's reliability; . . .; and

(9) Any other factors indicating the defendant's ties to the community or bearing on the risk of the defendant's willful failure to appear.

Tenn. Code Ann. § 40-11-118(b). These factors are almost identical to the ones the court must first consider when deciding whether to release a defendant on his or her own recognizance. *See* § 40-11-115(b).

"The trial court has very wide latitude in setting bail" and this Court should be "most reluctant to second-guess" the trial court's decision. *State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982). Indeed, this Court reviews the actions of a trial court regarding a defendant's release under an abuse of discretion standard. *See*, *e.g.*, Tenn. Code Ann. § 40-26-103. Our supreme court has stated that the abuse of discretion standard of review is a "less rigorous review" of a trial court's decision and does not permit this Court to substitute its judgment for that of the trial court. *State v. McCaleb*, 582 S.W.3d 179, 185 (Tenn. 2019) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

## Discussion

On appeal, the Defendant argues the trial court did not adequately consider all of the statutory factors listed above before issuing its ruling. He asserts that given "his deep ties to the community, his lack of criminal history, his prior military service, his employment record [as a police officer], his financial obligations to Wife and child, and his compliance with all court orders in the [pending] divorce case . . . there is no reason to believe that he will not comply with his conditions of pretrial release or that he will not appear in court as required." To that end, the Defendant argues the trial court seemed only concerned about the serious nature of the charges and the likelihood of conviction. He also contends the trial court "aims to punish [him] by predetermining the result of his trial." The State counters that the trial court considered the applicable law and exercised its discretion in accordance therewith.

3

This Court has reviewed all of the material provided by the Defendant and has considered the arguments of the parties. As discussed above, the legislature has established a statutory procedure for the trial courts to follow in setting a secured bond as low as is necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public. The transcript of the hearing and the written order demonstrate the trial court followed that procedure before ruling on the Defendant's motion. Although the trial court's order does not explicitly reference all of the statutory factors listed above, it is evident the trial court placed greater emphasis on the nature of the charges and the likelihood of conviction. Contrary to the Defendant's assertion, that was within its sound discretion.

The code requires an individualized inquiry into each defendant's condition. The trial court did so here. Again, this Court reviews the decision of the trial court under an abuse of discretion standard. That standard does not permit this Court to substitute its judgment for that of the trial court. Thus, even if this Court would have ruled differently, the information before this Court reveals the trial court did not apply an incorrect legal standard or reach a decision which is against logic or reasoning. And contrary to the Defendant's argument, the trial court did not punish the Defendant by denying his motion to reduce the bond amount. Aside from his own argument, there is nothing to indicate the trial court intentionally denied the motion solely knowing the Defendant may not be able to afford the current bond amount. *See Melson*, 638 S.W.2d at 358; *In re: Sanford and Sons Bail Bonds, Inc.*, 96 S.W.3d 199, 202 (Tenn. Crim. App. 2002); *State v. Waldo Wiggins, Jr.*, No. W2000-02766-CCA-R3-CD, 2001 WL 1690193 (Tenn. Crim. App., May 28, 2002). Instead, the trial court emphasized the nature of the charges and the likelihood of conviction, as permitted by statute, before issuing its ruling.

## Conclusion

For these reasons, the motion filed by the Defendant before this Court is hereby denied. Because the Defendant is indigent, costs are taxed to the State.

Wedemeyer, P.J., Holloway, J., Easter, J.

4